ROSE *v.* BROWN.

1. ARREST — TORT ACTION — PERSONAL KNOWLEDGE OF AFFIANT — AVERMENT.

Concluding averment in affidavit filed incident to issuance of writ of *capias ad respondendum* that deponent ''says that by reason of the foregoing facts and circumstances of which he has personal knowledge, his father, * * * his duly appointed next friend, has a claim for damages against the said'' defendant *held,* sufficient declaration of personal knowledge of affiant (3 Comp. Laws 1929, §§ 14075, 14076).

2. SAME—RECITAL OF FACTS IN AFFIDAVIT.

Recital of facts in affidavit filed incident to issuance of writ of *capias ad respondendum held,* sufficient to comply with the statutory requirements, where both declaration and its supporting affidavit were before circuit judge when he indorsed the writ with the order for bail (3 Comp. Laws 1929, §§ 14075, 14076).

3. SAME—AFFIDAVITS—TORT ACTIONS—MINIMUM RECOVERY.

In *capias* actions for tort, the statute does not require statement by affiant in supporting affidavit that he believes himself entitled to recover more than $100 (3 Comp. Laws 1929, §§ 14075, 14076).

4. SAME—AFFIDAVITS—INFANTS—PROBATIVE FORCE.

Minority of affiant is not alone ground for holding affidavit filed incident to issuance of writ of *capias ad respondendum* insufficient, where he was 11 years old, but probative force of his affidavit is for determination of circuit judge or commissioner to whom it is presented, since such an affiant may be the only one having personal knowledge of facts involved.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 15, 1935. (Calendar No. 38,090.) Decided March 5, 1935.

Case with accompanying writ of *capias ad re-spondendum* by Albert Rose, by Joseph Edward Rose, his next friend, against Donald Brown. Defendant appeals from denial of motion to quash the writ *capias ad respondendum*. Affirmed.

*Freedman & Drexelius,* for plaintiff.

*August J. Hartmann,* for defendant.

NORTH, J. This appeal challenges the sufficiency of the affidavit filed incident to issuing the writ of *capias ad respondendum.* The circuit judge denied defendant's motion to quash the writ and cancel defendant's bail bond.

The suit is one to recover damages resulting from an alleged tort and is therefore under 3 Comp. Laws 1929, §§ 14075, 14076. The first objection to the sufficiency of the affidavit is that it "does not state that the affiant has personal knowledge of the facts stated." The record does not sustain this objection; but on the contrary, the affidavit concludes as follows: "Deponent further says that by reason of the foregoing facts and circumstances *of which he has personal knowledge,* his father, Joseph Edward Rose, his duly appointed next friend, has a claim for damages against the said Donald Brown for the wrong and injury aforesaid." The foregoing is an ample declaration of personal knowledge possessed by the affiant.

The second objection urged is: "The affidavit does not state that the plaintiff has a claim for damages against the defendant for the cause of action stated in plaintiff's declaration." Both the declaration and the supporting affidavit were entitled in the court and cause; and were before the circuit judge at

the time he indorsed the *capias* writ with the order for bail. The facts recited in the affidavit to which the above quoted portion refers were ample to comply with the statutory requirement, insofar as the second objection is concerned.

The third objection is that the affidavit does not contain a statement that affiant believes he is entitled to recover more than $100. In *capias* actions for tort (as contradistinguished from actions arising on contracts) the statute does not require such statement in the affidavit. *Benie* v. *Wayne Circuit Judge*, 154 Mich. 591.

The fourth objection is that the affidavit was insufficient because affiant, for whom this suit is brought by his next friend, was an infant 11 years of age. So far as the probative force of the affidavit is concerned, its sufficiency is for the determination of the circuit judge or commissioner to whom it is presented. Merely showing that the affiant, who may be the only one having personal knowledge, is a minor is not alone a ground for holding the affidavit insufficient.

As against the reasons assigned in support of the motion to quash, the affidavit is sufficient; and defendant's application for writ of mandamus is denied, with costs.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.